| | | | |
|---|---|---|---|
| | AUSA: | Timothy E. Garcia | Telephone: (313) 226-9522 |
| AO 91 (Rev. 11/11) Criminal Complaint | Agent: | Wayne Williams | Telephone: (313) 550-7945 |

# UNITED STATES DISTRICT COURT
for the

### Eastern District of Michigan

United States of America
  v.

Eduardo DAVILA-HERNANDEZ

Case No.

Case: 2:26−mj−30150
Assigned To : Unassigned
Assign. Date : 3/19/2026
Description: CMP USA V.
DAVILA−HERNANDEZ (DJ)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ March 18, 2026 _____ in the county of _____ Macomb _____ in the _____ Eastern _____ District of _____ Michigan _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1326(a) | Unlawful Re-Entry Following Removal |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Wayne Williams, Border Patrol Agent
_____
Printed name and title

Printed name and title

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: _____ March 19, 2026 _____

City and state: Detroit, MI

_____
Judge's signature

Hon. Kimberly G. Altman, U.S. Magistrate Judge
Printed name and title

**AFFIDAVIT**

I, Wayne Williams, declare the following under penalty of perjury:

1. I am a Border Patrol Agent with the United States Department of Homeland Security, United States Border Patrol. I have been employed in this capacity since April 2014. Currently, I am assigned to the Detroit Border Patrol Station. The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers to include Border Patrol Agents and record checks of law enforcement databases. I have also reviewed material from the official Immigration file and system automated data relating Eduardo DAVILA-HERNANDEZ, which reveals the following:

2. Because this affidavit is submitted for the limited purpose of demonstrating probable cause for the issuance of the requested complaint and arrest warrant, it does not contain each and every fact known about this case by your affiant.

3. Based on the facts set forth in this affidavit, there is probable cause to believe that a violation of Title 8, United States Code, Section 1326(a), unlawful re-entry following removal, has been committed by Eduardo DAVILA-HERNANDEZ.

4. Eduardo DAVILA-HERNANDEZ is a thirty-five-year-old male, native and citizen of Mexico, who last entered the United States at or near an unknown place, on or about an unknown date without being admitted, inspected, or paroled by an Immigration Officer.

5. On or about October 24, 2017, DAVILA-HERNANDEZ was arrested by Border Patrol Agents near El Paso, Texas after illegally enter the United States. He was processed as an expedited removal.

6. On or about November 3, 2017, DAVILA-HERNANDEZ was charged with 8 USC 1325 Illegal entry. He plead guilty and was sentenced to 11 days.

7. On or about November 4, 2017, DAVILA-HERNANDEZ was removed from the country through El Paso Del Norte, Texas Bridge.

8. On or about March 18, 2026, DAVILA-HERNANDEZ was arrested by Border Patrol Agents near Macomb, Michigan after a call for assistance from Macomb County Sheriffs. DAVILA-HERNANDEZ was processed as a reinstatement of order deport.

9. Eduardo DAVILA-HERNANDEZ fingerprints and photograph were captured and entered into the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). The results revealed that DAVILA-HERNANDEZ is a citizen of Mexico with the foregoing immigration history who has been previously removed from the United States. The record checks did not provide any evidence that DAVILA-HERNANDEZ legally entered the United States or had been issued any document or status that would allow him to enter or remain the United States.

10. The aforementioned arrest and subsequent detention was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

11. Review of the Alien File (A# xxx xxx 292) for Eduardo DAVILA-HERNANDEZ and queries in Department of Homeland Security databases confirm no record exists DAVILA-HERNANDEZ obtaining the express permission from the Attorney General or the Secretary of the Department of Homeland Security to re-apply for admission to the United States following his removal on November 4, 2017.

12. Based on the above information, I believe there is probable cause to conclude that Eduardo DAVILA-HERNANDEZ, is an alien who was found in the United States after removal, without the express permission from the Attorney General of the United States or from the Secretary of the Department of Homeland Security to re-apply for admission into the United States in violation of Title 8, United States Code, Section 1326(a).

_____
*Complainant's signature*

Wayne Williams, Border Patrol Agent
*Printed name and title*

U.S. Department of Homeland Security

Sworn to before me and signed in my presence and/or by reliable electronic means.

_____
Honorable Kimberly Altman
United States Magistrate Judge

March 19, 2026